IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| BEULAH M BROGAN, | ) | CASE NO. 04-37151 BWB (Joliet) |
| | ) | |
| Debtor | ) | JUDGE BRUCE W. BLACK |
| | ) | |

## FINAL REPORT CHECK LIST

THE FOLLOWING ITEMS ARE INCLUDED IN THE TRUSTEE'S FINAL REPORT PACKAGE:

1. Trustee Final Report w/all exhibits attached.   (Y) N

2. Final Report Summary Sheet.   (Y) N

3. All pending professional's applications for compensation if not included in Final Report   (Y) N

4. All disbursements orders.   (Y) N

5. Cumulative 180 day report through date of Final Report if not part of Final Report.   (Y) N

6. Notice of Final Hearing.   (Y) N

DATE:  January 24, 2007         /s/Deborah K. Ebner, Trustee
                                DEBORAH K. EBNER, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| BEULAH M BROGAN, | ) | CASE NO. 04-37151 BWB (Joliet) |
| | ) | |
| Debtor | ) | JUDGE BRUCE W. BLACK |
| | ) | |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE
      BANKRUPTCY JUDGE BRUCE W. BLACK

NOW COMES DEBORAH K. EBNER, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

1. DEBORAH K. EBNER was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on October 6, 2004 and an order for relief under Chapter 7 was entered. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of January 22, 2007 is as follows:

    a.   RECEIPTS (See Exhibit C)                                           15,098.00
    b.   DISBURSEMENTS (See Exhibit C)                                         122.00
    c.   NET CASH available for distribution                                14,976.00
    d.   TRUSTEE/PROFESSIONAL COSTS
         1.   Trustee compensation requested                                 2,259.80

      2.    Trustee Expenses                                                                    0.00

      3.    Compensation requested by attorney or other professionals for trustee       6,903.28

5.    The Bar Date for filing unsecured claims expired on March 16, 2005.

6.    All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

      a.    Allowed unpaid Secured Claims                                 0.00

      b.    Chapter 7 Administrative and 28 U.S.C. §1930 Claims       9,285.08

      c.    Allowed Chapter 11 Administrative Claims                 0.00

      d.    Allowed Priority Claims                                               0.00

      e.    Allowed Unsecured Claims                                         8,075.12

7.    Trustee proposes that unsecured creditors receive a distribution of 71.99% of allowed claims.

8.    Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $6,903.28. The total of Chapter 7 professional fees and expenses requested for final allowance is $6,903.28.

9.    A fee of $541.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

                                          RESPECTFULLY SUBMITTED:

Dated:    January 24, 2007          By:    /s/Deborah K. Ebner, Trustee
                                                                DEBORAH K. EBNER, Trustee
                                                                11 EAST ADAMS STREET
                                                                SUITE 800
                                                                CHICAGO, IL  60603